■ WILLIAM E. MOORE, Respondent, v. STATE OF NEW YORK, Appellant.— Judgment unanimously modified on the law and facts by reducing the award to $73,000 and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: Claimant was the owner of a group of buildings ranging from 60–80 years old and in various stages of deterioration and disrepair at the time of the appropriation. At least 10 months before the appropriation the City of Syracuse prohibited residential use of the buildings because of their hazardous condition and advised that rehabilitation for reoccupancy might not be allowable under regulations then in effect. Both the claimant and the State used the capitalization method and appraised the proprety as though parts of the buildings had been rehabilitated for residential use. Claimant's appraisal did not consider the fact that the buildings had been condemned as unsafe and dangerous for residential use nor the cost of rehabilitation. Absent such cost of rehabilitation, the hypothetical income reflects an incorrect and exaggerated amount of net rentals. Therefore, there is no proper proof in the record to justify the opinion of claimant's expert. The court did not state the basis upon which it relied in making the award. If it used the capitalization method, it should have set forth its findings with respect to the different factors it considered in arriving at the final award, such as the gross income, total expenses chargeable to income and the rate of capitalization. This would have given the appellate court a sound basis for review. The State's expert also fixed his estimated income on rentals without considering the cost of rehabilitation for residential use in appraising the property taken at $72,100. It is clear that the cost of such rehabilitation could only have decreased the net income thereby reducing the value below $72,100. The State however is asking that the award be modified by adopting the appraisal of its expert. In these circumstances the judgment should be modified by reducing the award to $73,000, being the State's valuation reduced by its valuation of $300 for the remaining land and increased by $1,200 awarded by the court for the temporary easement, and, as so modified, should be affirmed. (Appeal from judgment of Court of Claims in favor of claimant on a claim for permanent appropriation of realty and temporary easement.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND A. BAILEY, Appellant.— Order unanimously reversed and matter remitted to Onondaga County Court for a hearing in accordance with the memorandum. Memorandum: The appellant is entitled to a hearing upon the allegations set forth in his petition of January 19, 1962. (Appeal from *nunc pro tunc* order of Onondaga County Court denying without a hearing motion to vacate a judgment of conviction for grand larceny, first degree, rendered June 3, 1952.) Present — Williams, P. J., Bastow, Goldman and Noonan, JJ.

■ DONALD R. MERGENHAGEN, Appellant, v. GEORGE R. MERGENHAGEN, Respondent.—Judgment affirmed, without costs of this appeal to either party. All concur, except Bastow and Goldman, JJ., who dissent and vote to reverse and to grant a new trial, in the following memorandum: The verdict is contrary to the evidence whether based on a finding of contributory negligence on the part of plaintiff or absence of negligence on the part of defendant. (Appeal from judgment of Erie Trial Term in favor of defendant in an automobile negligence action; also appeal from order denying motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.